UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                Plaintiff,

     v.

REHAB RESOURCES,

                Defendant.

**CIVIL ACTION NO.**

Civil Action No. 05-CV-396 (FJS)(GJD)

## CONSENT DECREE

This cause of action was initiated on March 31, 2005, by the United States Equal Employment Opportunity Commission ("EEOC") alleging that Rehab Resources ("Rehab") engaged in unlawful employment practices on the basis of sex and pregnancy, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. ("Title VII"). The EEOC alleged that Rehab discriminated against Lori Dawley-Fields because of her pregnancy by terminating her and replacing her with her non-pregnant temporary replacement.

The Parties hereto desire to settle this action, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding between the Parties and their successors or assigns.

This Decree resolves all matters related to Civil Action 05-CV-396 (FJS) (GJD), now

pending in the United States District Court for the Northern District of New York. The Parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing, approved by all Parties to this Consent Decree and approved or ordered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows, the Court finds appropriate, and it is therefore **ORDERED, ADJUDGED AND DECREED THAT:**

1. Rehab denies the allegations of the Complaint, and the Parties have entered into this Decree to avoid the delay, expense, and uncertainty of further litigation with regard to matters resolved herein. Nothing in this Consent Decree shall constitute, or be construed to constitute, an admission or acknowledgment by Rehab that it violated Title VII, or as an admission of liability as to claims asserted in the Complaint, or the EEOC Charge No. 165-2003-00364.

2. This Consent Decree resolves all issues raised in EEOC Charge Number 165-2003-00364 and all issues that were raised in the Complaint filed by EEOC in this action 05-CV-396. The Decree does not resolve any other charge of discrimination currently pending before the EEOC against Rehab, or any charge that may be filed in the future against Rehab.

3. The Parties agree and the Court finds that this Court has jurisdiction over the subject matter of this action and the Parties to this action, that venue is proper, and that all administrative prerequisites have been met. No party shall contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

4. This Decree is issued with the consent of the Parties.

5. This Consent Decree constitutes the complete agreement between the EEOC and Rehab with respect to the matters referred to herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing, approved by all Parties to this Decree and approved or ordered by the Court.

6. In settlement of this dispute, Rehab shall pay to Lori Dawley-Fields the gross sum of $27,000. The settlement shall be apportioned as follows:

(a) $13,500 shall be designated as backpay. This payment of $13,500 shall be reduced only by any applicable deductions for the employee's portion of FICA and by applicable federal and state income tax withholdings related to the payment of employees' wages. In addition, Rehab will be responsible for the employer contributions to FICA on this payment.

(b) $13,500 shall be designated as compensatory damages under Title VII. Rehab is not required to withhold taxes or to make any employer contributions for FICA with respect to this payment. Rehab will issue a Form 1099 for this amount.

(c) Rehab agrees to pay up to $500 to Kevin Martin, Esq, as counsel to Ms. Dawley-Fields, at his usual and customary rates, for his review of the Release Agreement between Rehab and Ms. Dawley-Fields.

(d) Rehab will make the back pay payment within 14 (fourteen) days after (i) receiving notice of the Court's entry of this Consent Decree, (ii) receiving an executed copy of a Release Agreement with Lori Dawley-Fields, and (iii) the end of the revocation period set forth in paragraph 10(f) of the Release Agreement. The payment will be paid by delivering to Ms. Dawley-Fields, by United States Postal Service, certified mail return receipt requested, a business check in the amount set forth in paragraph 6(a). Rehab will make the compensatory damages payment within 14 (fourteen) days after January 1, 2006, by delivering to Ms. Dawley-Fiends, by United States

Postal Service, certified mail return receipt requested, a business check in the amount set forth in paragraph 6(b). Rehab shall, at the same time it makes said payments, mail to counsel for the EEOC in the instant lawsuit, by United States Postal Service, certified mail return receipt requested, copies of the checks and check stubs, which shall show the applicable deductions.

7. Rehab shall ensure that EEO posters pertaining to laws prohibiting discrimination and sexual harassment are posted in accordance with 29 C.F.R. 1601.30.

8. Within ten (10) days following the effective date of this Consent Decree, Rehab agrees to post a remedial Notice in conspicuous places where it posts employment notices for its employees, specifying the terms and conditions of the settlement of this case, in the form attached as Exhibit A. The notice shall remain posted for the duration of the Decree.

9. Rehab and its managers, officers, agents, successors, or assigns will not discriminate against any individual because of the individual's pregnancy, create or permit a hostile environment for employees based on their pregnancy, or retaliate against any individual for participating in this matter in any way, for assisting or providing information to the EEOC, or for asserting his or her rights under Title VII.

10. Rehab will not terminate any employee due to her pregnancy or during an approved pregnancy leave.

11. Within three (3) months of the entry of this Decree, Rehab's managers shall be required to attend an intensive training program of at least two (2) hours regarding equal employment opportunity rights and responsibilities, with a focus on sex and pregnancy discrimination, to be conducted by Bond, Schoeneck & King, PLLC. A certificate or other proof of course completion by all management employees of this training shall be provided to the EEOC no later than thirty (30) days after said training.

12.     The effective date of this Decree shall be its date of entry as an order of the Court.

13.     This Decree will remain in effect for two (2) years from the date it is signed by the Court.

14.     Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Rehab fails to perform the promises and representations contained herein. The Court shall retain jurisdiction over any such enforcement proceedings during the duration of this Consent Decree.

15.     The Parties agree to bear their own attorneys' fees and costs associated with this case.

SO ORDERED, ADJUDGED AND DECREED this 25th day of October, 2005.

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge

APPROVED AND CONSENTED TO BY THE PARTIES:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: /s/ Elizabeth Grossman                     10/20/2005
     Elizabeth Grossman                                (Dated)
      Regional Attorney (Bar Id 105554)

     Lisa Sirkin
      Supervisory Trial Attorney

     Michael J. O'Brien (Bar ID 512141)
     Senior Trial Attorney

Office and P. O. Address
New York District Office
33 Whitehall Street, 5th Floor
New York, NY  10004-2112
Telephone: (212) 336-3694
michael.obrien@eeoc.com


BOND, SCHOENECK & KING, PLLC

By:    /s/ Thomas G. Eron                         10/21/2005
     Thomas G. Eron                                    (Dated)

     Bar Roll No. 101591
Attorneys for Defendant Rehab
   Resources for Physical Therapy, P.C.
Office and P. O. Address
One Lincoln Center
Syracuse, New York  13202
Telephone:  315-218-8647
eront@bsk.com

EXHIBIT A

## **NOTICE TO ALL EMPLOYEES**

This notice is being posted pursuant to a Consent Decree ("Decree") entered into between Rehab Resources and the U. S. Equal Employment Opportunity Commission ("EEOC"), in resolution of a lawsuit, <u>EEOC v. Rehab Resources</u>, 05-CV-396.

The EEOC filed this lawsuit alleging that Rehab Resources violated Title VII of the Civil Rights Act of 1964, as amended, by engaging in pregnancy-based sex discrimination against a female employee. Rehab Resources has denied this allegation. The parties have entered into this Decree voluntarily and in order to avoid a costly trial and without there being any findings of fact, or any ruling or decision by the Court.

Federal law, under Title VII of the Civil Rights Act of 1964, as amended, requires that there be no discrimination against any employee or applicant because of that person's sex, race, color, religion or national origin with respect to hiring, compensation, promotion, discharge or other terms, conditions or privileges of employment.

Federal law also prohibits retaliation against any individual by an employer because the individual complains of discrimination, cooperates with the government's investigation or a charge of discrimination, participates as a witness or potential witness in litigation, or otherwise exercises his or her rights under the law.

Should you have any complaints of discrimination, you may call or write the:

Equal Employment Opportunity Commission
Buffalo Local Office
6 Fountain Plaza, Suite 350
Buffalo, NY  14202
(800) 669-4000

## <u>THIS IS AN OFFICIAL NOTICE AND</u>
## <u>SHALL NOT BE DEFACED BY ANYONE</u>

This Notice must remain posted for two years from the date of the posting and may not be altered, defaced, or covered by any other material.